| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR-9004-1** | |
| KML Law Group, P.C.<br>By:  Denise Carlon Esquire<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>201-549-2363<br>Attorneys for Secured Creditor: Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc. | |
| In Re:<br>Ennio Alfonso Gottardo<br>　　　　　　　　Debtor(s) | Case No:     21-15639 MBK<br>Chapter:     13<br>Judge:        Michael B. Kaplan |

## NOTICE OF MORTGAGE FORBEARANCE

The undersigned is the Attorney for Creditor <u>Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc.</u> in this matter. On or about 10/31/2021, the Creditor was advised that the Debtor(s)' mortgage loan ending in 8110 ("subject mortgage loan"), secured by real property described as <u>1702 Spruce Hills Dr Glen Gardner, NJ 08826</u>, has been impacted by COVID-19. Pursuant to State and/or Federal guidelines, a forbearance has been offered, the terms of which are as follows:

　　　1. The parties agree to a forbearance period of 90 days and have elected to not tender mortgage payments to Creditor that would come due on the subject mortgage loan starting 11/01/2021 through 01/31/2022.

　　　2. Debtor(s) will resume mortgage payments beginning 02/01/2022, and

will be required to cure the delinquency created by the forbearance period ("forbearance arrears").

    3. The payment amount currently is $929.51

    4. The Creditor, at this time, does not waive any rights to collect the payments that come due during the forbearance period or any payments that were due and owing prior to the forbearance period. Creditor does not waive its rights under the terms of the note and mortgage or under other applicable non-bankruptcy laws and regulations, including, but not limited to, RESPA, and the right to collect on any post-petition escrow shortage.

    5. The Creditor does not waive its rights to seek relief from the automatic stay for reasons other than non-payment of the mortgage, including, but not limited to, a lapse in insurance coverage or payment of property taxes.

    6. The Debtor(s) do not waive any rights upon expiration of the forbearance period. Prior to the expiration of the forbearance period, however, the Debtor(s) must take the following affirmative steps to address the status of the subject mortgage loan including, but not limited to: (a) bringing the account post-petition current; (b) requesting extension of the forbearance period; (c) applying for loss mitigation; and/or (d) amending the Chapter 13 Plan.

    7. Any objection to this Notice must be filed and served not later than 14 days after the filing of the Notice. The Court may conduct a hearing on the objection.

**This Notice is intended to disclose a temporary forbearance of the Debtor(s)' obligation to remit post-petition payments for the forbearance period. Nothing within this Notice should be construed to alter any rights, duties, or deadlines that are not related to the remittance of post-petition mortgage payments.**

Date: 11/03/2021        Respectfully Submitted,

                              */s/ Denise Carlon Esquire*
                              Denise Carlon Esquire
                              *Counsel for Creditor*